The Honorable Luther "Lu" Hardin State Senator 309 South VanCouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 1. If the Fire Department is called by an individual who has not paid dues are they entitled to bill that individual and collect under a quantum meruit theory?
 2. It is the practice of the Scranton Rural Fire Department to send out requests for volunteer dues paying members. These members are not charged when fighting a fire on a contributor's premises. The question proposed: (a) Is there a constitutional or statutory problem with this method? (b) Is a reasonable good faith attempt to ascertain the people living within the district sufficient as opposed to a specific check of title, etc.?
It is my opinion, in response to your first question, that the department may, as a general matter, pursue collection of its service costs under a quantum meruit theory. The success of this collection effort will, however, depend upon the particular facts and circumstances in each instance.
Volunteer fire departments do have a duty to respond to all fires within their districts involving property.[1] Although several means of reimbursement are specifically authorized under A.C.A.20-22-901 et seq. (Supp. 1989), we cannot conclude, in the absence of a clearer expression of legislative intent, that these are the exclusive collection methods. Indeed, the language of A.C.A.20-22-904 (Supp. 1989) appears to contemplate other efforts to obtain payment. This section states in part: "If the property which is the subject of the alarm is owned by a nonmember and not insured and the volunteer fire department has not been paid for the services rendered, then the volunteer fire department shall have an absolute lien on the property. . . ." (Emphasis added.)
In response to your second question, I assume as an initial matter that the practice to which you refer involves requests for dues paying members within the service area of the fire department. Our research has not disclosed a specified method for soliciting dues-paying members. The practice of sending out request for dues-paying members, and not charging such members when fighting a fire on a contributor's premises, does not generally appear, in the absence of any other specific facts, to give rise to a constitutional or statutory problem.
With regard to the second part of this question, our research of state law has not disclosed any particular guidelines or requirements for ascertaining the people living within a district. We are unable, therefore, to state that any one method is required or is superior to another. It seems clear, in any event, that a specific check of title is not required, although that may be one method a district chooses to employ.
We have learned that notification methods utilized by other districts include door-to-door canvasses, local newsletters, and publications in local newspapers. It may reasonably be concluded that the nature of the particular district, including the relevant demographics, should be considered when making this determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] An exception applies, however, with regard to fires on forestlands, cut-over lands, brush lands, or grasslands owned by a nonmember where the fire poses no immediate threat to life or property of someone other than the landowner. A.C.A. 20-22-901
(Supp. 1989). Volunteer fire departments have no duty or authority to respond to such fires, unless there is an agreement between the nonmember and the department. Id. It seems that the department would not be entitled to compensation for fighting a fire on such lands of a nonmember, unless an exception applied.